SAMUEL M. MEYLER, WSBA #39471
P.O. Box 777
Redmond, WA 98073-0777
Phone: (425) 881-3680
Fax: (425) 881-1457
E-mail: samuel@meylerlegal.com

**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON**

| | |
|---|---|
| CRAIG PARKER,<br><br>        Plaintiff,<br><br>     v.<br><br>GC SERVICES, LP; and DOES 1 to 10, inclusive,<br><br>        Defendant. | Case No. CV-13-5017-EFS<br><br>**COMPLAINT FOR VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT ("FDCPA"), THE WASHINGTON COLLECTION AGENCY ACT ("WCAA") AND THE WASHINGTON CONSUMER PROTECTION ACT("WCPA")**<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

1.      This is an action for actual and statutory damages brought by Plaintiff, Craig Parker, (hereinafter "Plaintiff"), an individual consumer, against Defendant, GC Services, LP, for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (hereinafter ''FDCPA''), and Washington Collection Agency Act (hereinafter "WCAA") which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices.

2.      Plaintiff is Craig Parker, an adult individual whose principal residence is in Kennewick, Benton County, Washington 99336.

3.      Defendants are the following:

COMPLAINT - 1
(Case No. _____)

MEYLER LAW OFFICE, PLLC
*8201 164th Avenue Northeast, Suite 200*
*Redmond, Washington 98052*
*P.O. Box 777*
*Redmond, Washington 98073-0777*
PHONE: 425.881.3680 • FAX: 425.881.1457

a. Upon information and belief, Defendant, GC Services, LP, is a corporation engaged in the business of collecting debt in this state and in several other states, with its principal place of business located at 6330 Gulfton St, Suite 300, Houston, Harris County, Texas 77081. The principal purpose of Defendant is the collection of debts in this state and several other states, and Defendant regularly attempts to collect debts alleged to be due another.

b. John Does 1-10, individuals or business entities whose identities are not known to Plaintiff at this time, but which will become known upon proper discovery. It is believed and averred that such Does played a substantial role in the commission of the acts described in this complaint.

## JURISDICTION AND VENUE

4. The previous paragraphs of this complaint are incorporated by reference and made a part hereof.

5. Jurisdiction of this court arises under 15 U.S.C. §1692k(d), 28 U.S.C. § 1337, 28 U.S.C. § 1331, and/or 28 U.S.C. 1367.

6. Venue is proper in this jurisdiction because Defendants do business in this jurisdiction and avail themselves of the benefits of the market in this jurisdiction.

7. Venue is proper in this jurisdiction because a substantial portion of the transactions, occurrences or omissions took place near this jurisdiction.

## FACTUAL ALLEGATIONS

8. The debt that Defendant is attempting to collect on is an alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or

(Case No. _____)

**MEYLER LAW OFFICE, PLLC**
*8201 164th Avenue Northeast, Suite 200*
*Redmond, Washington 98052*
*P.O. Box 777*
*Redmond, Washington 98073-0777*
PHONE: 425.881.3680 • FAX: 425.881.1457

services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment.

9. Within one (1) year preceding the date of this Complaint, Defendant, in connection with the collection of the alleged debt, stated to Plaintiff that they were going to levy his bank account.

10. Defendant has no standing to commence legal proceedings on behalf of the creditor.

11. Defendant is a debt collection company and as a debt collection company attempting to collection an alleged debt, Defendant can only refer the matter back to the creditor with a recommendation that the original creditor attempt legal proceedings.

12. The representations made to Plaintiff by Defendant regarding legal proceedings were false.

13. Within one (1) year preceding the date of this Complaint, Defendant, in connection with the collection of the alleged debt, attempted to communicate with Plaintiff at their place of employment after being informed that this inconvenienced Plaintiff and/or was conduct prohibited by Plaintiff's employer.

14. Within one (1) year preceding the date of this Complaint, Defendant, in connection with the collection of the alleged debt, communicated with Plaintiff's girlfriend, who is not a co-signer on the alleged debt, and the communication was not in a manner covered by *§1692b* of the FDCPA.

15. Within one (1) year preceding the date of this Complaint, Defendant, in connection with the collection of the alleged debt, contact Plaintiff and threatened to garnish Plaintiff's wages.

16. Defendant has no standing to commence garnishment proceedings on behalf of the creditor.

COMPLAINT - 3
(Case No. _____)

**MEYLER LAW OFFICE, PLLC**
*8201 164th Avenue Northeast, Suite 200
Redmond, Washington 98052
P.O. Box 777
Redmond, Washington 98073-0777*
PHONE: 425.881.3680 • FAX: 425.881.1457

17.     Defendant is a debt collection company and as a debt collection company attempting to collection an alleged debt, Defendant can only refer the matter back to the creditor with a recommendation that the original creditor attempt legal proceedings which could result in garnishment.

18.     The representations made to Plaintiff by Defendant regarding garnishment were false.

19.     Within one (1) year preceding the date of this Complaint, Defendant, in connection with the collection of the alleged debt, Defendant failed to send the required written communication to Plaintiff within the required time period.

20.     The natural consequences of Defendant's statements and actions were to unjustly condemn and vilify Plaintiff for his non-payment of the debt he allegedly owed.

21.     The natural consequence of Defendant's statements and actions was to produce an unpleasant and/or hostile situation between Defendant and Plaintiff.

22.     The natural consequence of Defendant's statements and actions was to cause Plaintiff mental distress.

23.     Defendant utilized unfair and unconscionable means to collect on Plaintiff's alleged debt, by lying to and misleading Plaintiff.

**COUNT ONE: VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. § 1692**

24.     The previous paragraphs of this complaint are incorporated by reference and made a part of this action.

25.     Plaintiff is a consumer as defined by the Fair Debt Collections Practices Act (FDCPA), 15 U.S.C. 1692 et. seq.

26.     At all relevant times in this Complaint, Defendants were acting as debt collectors as defined by the FDCPA, 15 U.S.C. § 1692a(6).

COMPLAINT - 4
(Case No. _____)

MEYLER LAW OFFICE, PLLC
8201 164th Avenue Northeast, Suite 200
Redmond, Washington 98052
P.O. Box 777
Redmond, Washington 98073-0777
PHONE: 425.881.3680 • FAX: 425.881.1457

27.   At all times mentioned herein, Defendants were attempting to collect on an alleged consumer debt against Plaintiff.

28.   Defendant violated the FDCPA. Defendant's violations include, but are not limited to, the following:

   a. Defendant violated *§1692b(2)* of the FDCPA by telling a third party that the Plaintiff owes an alleged debt; and

   b. Defendant violated *§1692c(a)(1)* of the FDCPA by communicating at a time or place known or which should be known to be inconvenient to the Plaintiff; and

   c. Defendant violated *§1692c(a)(3)* of the FDCPA by communicating with the Plaintiff at the Plaintiff's place of employment when the Defendant knew or had reason to know that the Plaintiff's employer prohibits the Plaintiff from receiving such communication; and

   d. Defendant violated *§1692c(b)* of the FDCPA by contacting a third party in connection with the collection of the alleged debt without the consent of the Plaintiff and the contact was not in a manner covered by *§1692b* of the FDCPA; and

   e. Defendant violated *§1692d* of the FDCPA by engaging in conduct the natural consequences of which is to harass, oppress, or abuse any person in connection with the collection of an alleged debt; and

   f. Defendant violated *§1692e* of the FDCPA by using a false, deceptive, or misleading representation or means in connection with the collection of the alleged debt; and

COMPLAINT - 5
(Case No. _____)

MEYLER LAW OFFICE, PLLC
*8201 164th Avenue Northeast, Suite 200*
*Redmond, Washington 98052*
*P.O. Box 777*
*Redmond, Washington 98073-0777*
PHONE: 425.881.3680 • FAX: 425.881.1457

   g. Defendant violated *§1692e(4)* of the FDCPA by giving the false representation or implication that nonpayment of the alleged debt will result in the garnishment of wages of any person when such action is unlawful and the Defendant does not intend to take such action; and

   h. Defendant violated *§1692e(5)* of the FDCPA by threatening to take action that the Defendant does not intend to take and/or the Defendant cannot legally take; and

   i. Defendant violated *§1692e(10)* of the FDCPA by using false representation or deceptive means in connection with the collection the alleged debt; and

   j. Defendant violated *§1692f* of the FDCPA by using unfair or unconscionable means in connection with the collection of an alleged debt.

   k. Defendant violated *§1692g(a)(1)* of the FDCPA by failing to notify the Plaintiff within five days of the initial communication a written communication that including the amount of the alleged debt that the Defendant is attempting to collect; and

   l. Defendant violated *§1692g(a)(2)* of the FDCPA by failing to notify the Plaintiff within five days of the initial communication a written communication that including the name of the creditor to whom the alleged debt is owed that the Defendant is attempting to collect; and

   m. Defendant violated *§1692g(a)(3)* of the FDCPA by failing to notify the Plaintiff within five days of the initial communication a written communication that including a statement that unless the Plaintiff, within thirty days after receipt of

COMPLAINT - 6
(Case No. _____)

MEYLER LAW OFFICE, PLLC
8201 164th Avenue Northeast, Suite 200
Redmond, Washington 98052
P.O. Box 777
Redmond, Washington 98073-0777
PHONE: 425.881.3680 • FAX: 425.881.1457

the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the Defendant; and

n.  Defendant violated *§1692g(a)(4)* of the FDCPA by failing to notify the Plaintiff within five days of the initial communication a written communication that including a statement that if the Plaintiff notifies the Defendant in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the Defendant will obtain verification of the debt or a copy of a judgment against the Plaintiff and a copy of such verification or judgment will be mailed to the Plaintiff by the Defendant; and

o.  Defendant violated *§1692g(a)(5)* of the FDCPA by failing to notify the Plaintiff within five days of the initial communication a written communication that including a statement that, upon the Plaintiff's written request within the thirty-day period, the Defendant will provide the Plaintiff with the name and address of the original creditor, if different from the current creditor.

29. Defendant's acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

30. As a result of the foregoing violations of the FDCPA, Defendant is liable to the Plaintiff, Craig Parker, for actual damages, statutory damages, and costs and attorney fees.

**COUNT TWO: VIOLATION OF WASHINGTON STATE WASHINGTON COLLECTION AGENCY ACT AND CONSUMER PROTECTION ACT**

31. The previous paragraphs of this complaint are incorporated by reference and made a part of this action.

32. Plaintiff is a debtor as defined by the Washington Collection Agency Act (WCAA), RCW 19.16.100(11).

COMPLAINT - 7
(Case No. _____)

**MEYLER LAW OFFICE, PLLC**
*8201 164th Avenue Northeast, Suite 200*
*Redmond, Washington 98052*
*P.O. Box 777*
*Redmond, Washington 98073-0777*
PHONE: 425.881.3680 • FAX: 425.881.1457

33. At all times relevant in this Complaint, Defendants were acting as a collection agency as defined by the WCAA, RCW 19.16.100(2).

34. At all times mentioned herein, Defendants were attempting to collect on an alleged consumer debt against Plaintiff.

35. The above referenced conduct violates WCAA for the following reasons:

    a. Defendant violated RCW 19.60.250(10) by communicating with a third party regarding the alleged debt, who was not reasonably expected to be liable on the alleged debt; and

    b. Defendant violated RCW 19.60.250(16) by threatening to take actions that it could not legally take at the time the threats were made (i.e. garnishing Plaintiff's wages and levying his bank account).

    c. Defendant's conduct violates RCW 19.16.440, which states "the commission by a licensee or an employee of a licensee of an act or practice prohibited by RCW 19.16.250 are declared to be unfair acts or practices or unfair methods of competition in the conduct of trade or commerce for the purpose of the application of the Consumer Protection Act found in RCW 19.86.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against Defendant, GC Services, LP, for the following:

    A. Actual damages pursuant to 15 U.S.C. § 1692k, RCW 19.16 *et seq.* and/or RCW 19.86 *et seq*.

    B. Statutory damages pursuant to 15 U.S.C. § 1692k, RCW 19.16 *et seq.* and/or RCW 19.86 *et seq.*

COMPLAINT - 8
(Case No. _____)

MEYLER LAW OFFICE, PLLC
8201 164th Avenue Northeast, Suite 200
Redmond, Washington 98052
P.O. Box 777
Redmond, Washington 98073-0777
PHONE: 425.881.3680 • FAX: 425.881.1457

    C.  Treble damages pursuant to RCW 19.86 *et seq.*

    D.  Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k, RCW 19.16 *et seq.* and/or RCW 19.86 *et seq.*

    E.  Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law.

    F.  For such other and further relief as the Court may deem just and proper.

**DEMAND FOR JURY TRIAL**

Please take notice that Plaintiff, Craig Parker, demands trial by jury in this action.

DATED: February 12, 2013

    **MEYLER LEGAL, PLLC**
s/ SAMUEL M. MEYLER
SAMUEL M. MEYLER, WSBA #39471
P.O. Box 777
Redmond, WA 98073-0777
Phone: (425) 881-3680
Fax: (425) 881-1457
E-mail: samuel@meylerlegal.com
*Counsel for Plaintiff*
*Craig Parker*

COMPLAINT - 9
(Case No. _____)

**MEYLER LAW OFFICE, PLLC**
*8201 164th Avenue Northeast, Suite 200*
*Redmond, Washington 98052*
*P.O. Box 777*
*Redmond, Washington 98073-0777*
PHONE: 425.881.3680 • FAX: 425.881.1457